UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INSTITUTE OF MANAGEMENT ACCOUNTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAESC CO., LIMITED, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 2:22-cv-04265-SDW-LDW ) ) ) ) ) |

## [~~Revised Proposed~~] Judgment

The Court takes up Plaintiff's motion for default judgment. Plaintiff's motion is hereby **granted** for the reasons stated in Plaintiff's supporting brief.

On Count 1 of Plaintiff's complaint, it is hereby ordered and adjudged that Plaintiff Institute of Management Accountants, Inc., have and recover of Defendant MAESC Co., Limited, the sum of $257,452.80, together with the costs of this proceeding, and that execution issue therefor.

On Count 2 of Plaintiff's complaint, it is hereby ordered and adjudged that Plaintiff Institute of Management Accountants, Inc., have and recover of Defendant MAESC Co., Limited, the sum of $16,401,000.00, together with the costs of this proceeding, and that execution issue therefor.

On Count 2 of Plaintiff's complaint, it is further hereby ordered and adjudged that Defendant MAESC Co., Limited, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or

participation with any of the foregoing are permanently enjoined from selling or otherwise using Defendant's "Management Accounting Competency Certificate" ("MACC") program. The Court issues this permanent injunction after finding that: (a) Defendant breached its fiduciary duty as Plaintiff's agent to exercise the utmost good faith, loyalty, and honesty towards Plaintiff by misusing the content of Plaintiff's Certified Management Accountant ("CMA") program and misappropriating Plaintiff's name and trademarks to develop, promote, and sell Defendant's competing MACC program while claiming affiliation with Plaintiff and deceiving and confusing persons into believing that the unauthorized MACC program was sponsored or endorsed by Plaintiff; (b) Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined from further selling or otherwise using the MACC program; and (c) the public interest is served by such an injunction.

On Count 3 of Plaintiff's complaint, it is hereby ordered and adjudged that Defendant MAESC Co., Limited, shall return to Plaintiff Institute of Management Accountants, Inc., all of Defendant's assets, including, but not limited to, any cash, inventory, equipment, books, records, causes of action, and claims. The Court issues this order after finding that: (a) Defendant was required under Section X of the Charter to return all of its assets to Plaintiff after Plaintiff revoked the Charter; (b) specific performance of Defendant's obligations under Section X of the Charter is appropriate to do more perfect and complete justice; and (c) a judgment for

money damages would not provide adequate compensation for Defendant's breach of the Charter in that a judgment for the monetary value of the unreturned assets is not even feasible because the nature and scope of the unreturned assets are unknown, particularly because Defendant chose not to defend in this case and has not identified its asserts, as it would have been required to do in discovery if it had appeared and responded to Plaintiff's complaint.

**IT IS SO ORDERED:**

_____
Judge

**DATE:**

October 26, 2022