NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

October 21, 2024

Jose A. Fernandez, Esq.
Thompson Coburn LLP
488 Madison Avenue, 15th Floor
New York, NY 10022
*Counsel for Plaintiff Institute of Management Accountants, Inc.*

Holly Ying Li, Esq.
Intelink Law Group, P.C.
142 W. 57th Street, 11th Floor
New York, NY 10019
*Counsel for Defendant MAESC Co., Limited*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: *Institute of Management Accountants, Inc. v. MAESC Co., Limited*,
Civil Action No. 22-4265 (SDW) (LDW)

Counsel:

Before this Court is Defendant MAESC Co., Limited's ("Defendant" or "MAESC") motion to dismiss (D.E. 51 ("Motion")) Plaintiff Institute of Management Accountant, Inc.'s ("Plaintiff" or "IMA") Complaint (D.E. 1 ("Complaint")) pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). For the reasons stated herein, Defendant's Motion is **DENIED**.

### BACKGROUND & PROCEDURAL HISTORY

This Court refers to its prior opinion (D.E. 42) for a fuller recitation of the broader factual background.

On June 24, 2022, Plaintiff filed the Complaint alleging that Defendant breached its contractual and fiduciary obligations. Defendant failed to answer or otherwise respond to the Complaint and Plaintiff requested entry of default on August 5, 2022, which was granted by the Clerk of Court on August 8, 2022. (D.E. 6.) Four days later, Plaintiff moved for a default judgment, which this Court denied for failure to submit certification or affidavits supporting the damages sought. (D.E. 7; 8.) Plaintiff filed a renewed motion for default judgment on October 17, 2022, which this Court granted on October 26, 2022. (D.E. 11; 12.) On July 31, 2023,

Defendant filed a motion to set aside the default judgment and dismiss the action for lack of personal jurisdiction. (D.E. 13.) On November 7, 2023, Defendant refiled the motion with new counsel. (D.E. 37.) On April 23, 2024, this Court granted the motion to vacate under Federal Rule of Civil Procedure 60(b)(1). (*See generally* D.E. 42.) Following letter submissions from each party (D.E. 47; 48; 49), Magistrate Judge Wettre ordered that Defendant respond to the Complaint by June 24, 2024. (D.E. 50.) Defendant moved to dismiss the Complaint on June 23, 2024 (D.E. 51), and Plaintiff opposed on July 23, 2024. (D.E. 52.) Plaintiff did not file a reply brief in further support of the Motion.

## **DISCUSSION**

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and improper venue under Rule 12(b)(3). Defendant also makes a *forum non conveniens* argument in its briefing that this Court will address.

A. Rule 12(b)(1)

"Federal district courts have subject matter jurisdiction over all civil actions that arise either (1) under the Constitution, laws or treaties of the United States (called federal question jurisdiction), or (2) between citizens of different states where the matter in controversy exceeds $ 75,000 (referred to as diversity jurisdiction)." *Gallenthin Realty Dev., Inc. v. BP Prods. of N. Am., Inc.*, 163 F. App'x 146, 150 (3d Cir. 2006) (citing 28 U.S.C. §§ 1331-1332.) A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron/Temodar Cons. Class Action (Schering Plough)*, 678 F.3d 235, 243 (3d Cir. 2012)). "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction of the court because, for example, . . . there is no indication of a diversity of citizenship among the parties." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (alterations in original) (quoting *Const. Party of Pa.*, 757 F.3d at 358). Conversely, "a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Const. Party of Pa.*, 757 F.3d at 358 (alterations in original) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). Defendant here puts forth a facial challenge to subject matter jurisdiction. (D.E. 51-1 at 12.)

This Court very clearly has subject matter jurisdiction to hear this case. Plaintiff has alleged that it "is a nonprofit corporation incorporated under the laws of New Jersey with its principal place of business in New Jersey," that Defendant "is a foreign corporation incorporated under the laws of Hong Kong with its principal place of business in Hong Kong," and that "[t]he matter in controversy exceeds the sum or value of $75,000." (D.E. 1 at ¶¶ 1–3.) Defendant does not oppose those allegations. Under U.S.C. § 1332, the district courts have jurisdiction of all civil matters "where the matter in controversy exceeds the sum or value of $75,000…and is between…citizens of a State and citizens or subject of a foreign state…" U.S.C. § 1332(a)(2). Defendant focuses exclusively on whether Plaintiff will ultimately be able to show the existence of a valid contract, but the Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1)

2

motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) (collecting cases). Because this Court has subject matter jurisdiction to hear these claims, Defendant's motion to dismiss the complaint under Rule 12(b)(1) is denied.

B. Rule 12(b)(2)

This Court previously held that it "has at all times relevant to the instant dispute had personal jurisdiction over Defendant." (D.E. 42 at 4.)

Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986) (quoting *Avdel Corp. v. Mecure*, 277 A.2d 207, 209 (N.J. 1971)); N.J. CT. R. 4:4-4. "Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Courts in New Jersey "look to federal law for the interpretation of the limits" on personal jurisdiction. *Id.* (citing *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 n.5 (3d Cir. 1990)).

When reviewing a motion to dismiss under Rule 12(b)(2), courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Once a jurisdictional defense is raised, the plaintiff bears the burden of demonstrating the facts necessary to establish personal jurisdiction and the plaintiff "must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (cleaned up) (internal quotations omitted). If the court does not hold an evidentiary hearing, the plaintiff need only present "a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987)).

Under the Constitution, personal jurisdiction can be established either through general jurisdiction or specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The parties appear to agree that Plaintiff alleges specific jurisdiction arising out of the contract that is the subject of this litigation. To determine whether there is specific jurisdiction, this Court looks to the following test:

> First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice.

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (cleaned up).

3

For the first prong of the test, the defendant "must take some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (cleaned up). A defendant that "deliberately … enter[s] [into] a contractual relationship centered [in the forum state]" takes such an act. *See id.* at 359. In determining whether the relationship is "centered" in New Jersey, this Court must consider "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 168 (3d Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985)). Plaintiff submitted declarations in support of its motion for default judgment (D.E. 7-2) showing Defendant's relationship to New Jersey. Specifically, Plaintiff avers that it is a New Jersey organization that offers a certificate for business professionals and that it agreed to grant a charter to Defendants in accordance with Plaintiff's bylaws. Defendant eventually became an agent of Plaintiff through a Strategic Cooperation Agreement that is now partially the subject of this litigation. Defendant understood that it was aligning itself with a New Jersey organization and should not be surprised that it is subject to litigation in New Jersey in regard to that alignment. The parties dispute whether the Strategic Cooperation Agreement is a binding contract and the extent to which Defendant actually engaged with the New Jersey-based Plaintiff. At this stage, however, the uncontested facts weigh in favor of a finding of purposeful availment. *See, e.g.*, *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001) (finding specific jurisdiction over a contract claim where there were repeated "informational communications" involving the forum state office).

The second prong of the test requires that the "plaintiff's claims must arise out of or relate to" the defendant's contacts in the forum state. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). In contract cases, this is satisfied by showing that the "defendant's contacts with the forum [were] <u>instrumental</u> in . . . the formation of the contract[.]" *Id.* at 130 (emphasis in original). For now, this Court is satisfied that the above contacts with New Jersey were instrumental in the formation of the contract at issue.

Lastly, this Court considers whether the exercise of jurisdiction here would comport with "fair play and substantial justice." *O'Connor*, 496 F.3d at 317. "The existence of minimum contacts makes jurisdiction presumptively constitutional, and the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* at 324 (quoting *Burger King*, 471 U.S. at 477). While Defendant does make equitable arguments with respect to forum, this Court finds that the presumption of constitutionality is unrebutted with respect to personal jurisdiction.

Based on the above analysis, this Court is satisfied that it maintains personal jurisdiction over Defendant. However, at this stage in the litigation, this Court is also aware that there is not a fully developed factual record with respect to personal jurisdiction, and that the parties dispute several key facts. In the interest of fairness, this Court will deny Defendant's 12(b)(2) motion without prejudice. The parties will be permitted to conduct jurisdictional discovery for what this Court presumes will be a brief period, and Defendant will be permitted to renew its 12(b)(2) motion at a later date if it believes it still has a meritorious argument after discovery.

C. Rule 12(b)(3)

Pursuant to Rule 12(b)(3), a party may move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). "The movant has the burden of demonstrating that venue is improper." *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 519 (D.N.J. 2013) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982)); *see also Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012). When considering a Rule 12(b)(3) motion, this Court accepts well-pleaded allegations in the complaint as true, unless contradicted by the defendant's affidavits. *Bockman*, 459 F. App'x at 158 n.1 (3d Cir. 2012) (citations omitted). In addition, the court determines whether venue is proper in accordance with the nature of the action. *Id.*

Under 28 U.S.C. § 1391(b)(1), venue is proper in a judicial district "where any defendant resides, if all defendants reside in the same State." A corporation such as Defendant is "deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). Because this Court has personal jurisdiction over Defendant with respect to the civil action in question, this Court finds that venue is also proper.[1]

D. *Forum non conveniens*

In addition to its 12(b)(3) motion to dismiss for improper venue, Defendant argues in its briefing that dismissal is warranted on *forum non conveniens* grounds because "the District of New Jersey is an inconvenient and burdensome venue to MAESC." (D.E. 51-1 at 18.) Ordinarily, motions to transfer venue are brought pursuant to 28 U.S.C. § 1404(a). However, this statute governs transfer only within the federal court system. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013) (finding that for "cases calling for a nonfederal forum, § 1404(a) has no application"). The common law doctrine of *forum non conveniens* has survived in federal courts for the situation where a defendant argues that the more convenient forum is in a foreign country. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("The common-law doctrine of *forum non conveniens* 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." (citation omitted)); *see also* Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3841 (4th ed. Apr. 2023) ("*Forum non conveniens* dismissal is appropriate only when the superior alternative forum is in a different judicial system, to which transfer is impossible. Usually, the alternative forum will be in a foreign country, although occasionally it will be in a state or territorial court."). In deciding a motion to dismiss based on *forum non conveniens*, courts must examine whether trial in the proposed forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." *Kisano Trade & Invest Ltd v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013) (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

Courts in the Third Circuit look to the following factors for a *forum non conveniens* motion: "(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum where defendants are amendable to process and plaintiffs' claims

---

[1] Having determined that venue is proper under 28 U.S.C. § 1391(b)(1), this Court declines to address whether venue would also be proper under an alternate theory.

5

are cognizable; (3) relevant 'private interest' factors affecting the convenience of the litigants; and (4) relevant 'public interest' factors affecting the convenience of the forum." *Kisano*, 737 F.3d at 873; *see also Wilmot v. Marriott Hurghada Mgmt., Inc.*, 712 F. App'x 200, 202 (3d Cir. 2017).

This Court affords considerable deference to Plaintiff's choice of forum as an American corporation. *See Windt v. Qwest Commc'ns. Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008) ("[A] strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum.") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

For the second factor, Defendant asserts that Hong Kong exists as an adequate alternative forum. Because neither party appears to contest that the Hong Kong courts could, in theory, hear this case, this Court will presume for present purposes that Hong Kong is an adequate alternative forum and will move on with its analysis.

For private interests of the parties, this Court analyzes factors such as:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 161 (3d Cir. 2010) (quotations omitted). These factors are at best balanced even in a light favorable to Defendant, and are far from overcoming the presumption that this case be decided here. While the parties dispute many of the relevant facts, Defendant did not reply to Plaintiff's arguments that Plaintiff's evidence is in New Jersey, that the relevant contracts are in English, and that Defendant's employees speak English.

For public interests, this Court looks to things such as:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Eurofins*, 623 F.3d at 161 (3d Cir. 2010) (quoting *Piper Aircraft*, 454 U.S. at 241 n.6); *Delta Air Lines, Inc. v. Chimet, S.P.A.*, 619 F.3d 288, 296 (3d Cir. 2010). This Court has considered the above public factors and overall finds them to be neutral. Defendant concludes that this Court would be required to apply Hong Kong law in this case but does not identify any discrepancies in basic contract law between the two jurisdictions. While this Court is not prepared at this time to determine which substantive law applies to Plaintiff's claims, this appears by all accounts to be a fairly straightforward breach of contract case that is routinely addressed in this District.

Overall, the private and public interests are far from the level necessary to overcome the presumption that this case should be heard here. Accordingly, Defendant's motion for dismissal under the *forum non conveniens* doctrine is denied.

E. Reinstatement of Default Judgment

Plaintiff requests that this Court reinstate the default judgment that was previously entered. While Defendant has acted in a somewhat dilatory manner with respect to this litigation, this Court declines to reinstate default judgment at this time. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 2004) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.") Defendant shall answer the Complaint and the parties shall proceed with discovery expeditiously, including the aforementioned jurisdictional discovery.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion is **DENIED**, and Defendant is ordered to answer the Complaint within twenty days from the order that follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Leda D. Wettre, U.S.M.J.
        Parties